WILLIAM TEXTER, PLAINTIFF-APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

BERTHA & WILLIAM MCNINNEY, PLAINTIFFS-APPELLANTS, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

MARY BOYD, PLAINTIFF-APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

LENA CICCONE, PLAINTIFF-APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

LAURA MATTHEWS, PLAINTIFF-APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

FRANK COPPOLA, PLAINTIFF-APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, ANN KLEIN, COMMISSIONER; DIVISION OF PUBLIC WELFARE, G. THOMAS RITI, DIRECTOR, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 5, 1981—Decided January 23, 1981.

Before Judges BISCHOFF, MILMED and FRANCIS.

*James G. Gavin* argued the cause for appellants (*Camden Regional Legal Services, Inc.,* attorneys).

*Barbara A. Harned,* Deputy Attorney General, argued the cause for the respondents (*John J. Degnan,* Attorney General of New Jersey, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel).

BISCHOFF, P. J. A. D.

These six consolidated appeals are taken from final fair hearing decisions of the Division of Public Welfare, Department of Human Services, which affirmed actions of the local agency terminating home health care benefits under the program providing medical assistance for aged (MAA). *N.J.S.A.* 44:7–76 *et seq.*

Medical assistance for aged is provided under the statute to any resident of New Jersey who has attained the age of 65 years and "whose income and resources are insufficient to meet the costs of health services provided under the act." *N.J.S.A.* 44:7–76. One of the health services provided by the act is payment for or on behalf of eligible individuals of part of or all the costs of "[h]ome health care services required by reason of an illness necessitating confinement at home for prolonged period." *N.J. S.A.* 44:7–77(c).

In order to "accomplish the purposes of the act" the Commissioner of Institutions and Agencies was authorized and directed to issue all necessary rules and regulations

> ... (c) To provide that, in determining need for medical assistance for the aged and the amount of such assistance to be granted, there shall be taken into consideration all other income and resources of the aged individual, *making due allowance for a minimum standard of living compatible with decency and health* .... [Emphasis supplied]

Pursuant to this directive the Commissioner in 1963 issued and published regulations, still in effect, providing that a single person who has a monthly income of more than $500 does not have income eligibility for the receipt of benefits under the act, and a "married client and spouse whose joint monthly income is more than $600 do not have income eligibility." *N.J.A.C.* 10:83–6.5.

All six petitioners have been receiving benefits under the MAA program in the form of home health care services. As a result of a 14.3% costs of living increase in Social Security benefits effective July 1, 1980 the income of each of the petitioners has risen above the maximum established for income eligibility in the 1963 regulations. *N.J.A.C.* 10:83–6.5. Each of the petitioners was notified in June or July 1980 that their MAA benefits would be terminated effective July 1, 1980. Fair hearings were requested by each of the petitioners. At the hearings the medical needs for the home health care services by each of the petitioners was stipulated (*N.J.S.A.* 44:7–77(c)). The record of the hearing discloses that the sole reason for the termination of benefits was the increase in income of each petitioner above the maximum established in the regulations promulgated in 1963 (*N.J.A.C.* 10:83–6.5). At the conclusion of each fair hearing the administrative law judge rendered a decision affirming the termination of benefits, and each such decision was, in turn, affirmed by the Commissioner. Petitioners appealed and the appeals were consolidated. We entered a stay of the decision of the Commissioner and directed the continuation of MAA benefits pending our determination of the appeals.

Basically, petitioners contend that the Commissioner has failed to issue regulations for determining eligibility for MAA benefits consistent with the legislative mandate contained in *N.J.S.A.* 44:7–81(c). That statute provides that in determining the need for medical assistance and the amount of the assistance to be granted there shall be taken into consideration all income and resources of the aged individual, "making due allowance for

a minimum standard of living compatible with decency and health."

Without question the actions of the Commissioner in 1963 in issuing the regulations challenged "[are] entitled to the benefit of the customary rebuttable presumption of validity and regularity afforded to administrative regulations generally." *Motyka v. McCorkle*, 58 *N.J.* 165, 181 (1971). And, the burden is on the one attacking an administrative regulation to demonstrate that it is arbitrary, capricious or unreasonable. *New Jersey Guild of Hearing Aid Dispensers v. Long*, 75 *N.J.* 544, 561 (1978). However, the Commissioner's powers to issue regulations are not unlimited and such regulations as she does issue must be in overall furtherance of the broad welfare assistance goals of the Legislature. *Motyka v. McCorkle, supra*, at 179; *Pascucci v. Vagott*, 71 *N.J.* 40, 50 (1976).

While we must give due deference to the expertise of the Commissioner in her field, it is clear that regulations should be modified if the need for modification is demonstrated or becomes apparent as a result of changing times or circumstances. *Cf. Heir v. Degnan*, 82 *N.J.* 109, 121–122 (1980). Administrative regulations do not stand alone. They are not an end unto themselves. They are but one means of effectuating the legislative policy as declared in a statute. Here the Legislature stated that regulations should be designed and issued in order to provide medical assistance, making due allowance for the minimum standard of living. Slavish adherence to an administrative regulation establishing maximum income eligibility 17 years ago may not be in overall furtherance of that policy. It is a matter of common knowledge that changing economic conditions and a raging inflation have rendered obsolete many income concepts and limitations recognized 17 years ago.

The fair hearings in these cases were limited to a comparison of the income and resources of petitioners with the income eligibility regulations established in 1963. No consideration was given to a determination of whether the income and resources

provided a "minimum standard of living compatible with decency and health."

▪ We conclude that in each of the six appeals a remand to the administrative law judge is required for the conduct of a *de novo* hearing consistent with the views we have expressed herein.

The decision and order in each of the six appeals is vacated. The appeals are remanded to the Office of Administrative Law for a plenary fair hearing *de novo*, with directions to make findings and conclusions and process the fair hearing in normal fashion. The Division of Public Welfare, Department of Human Services, is directed to continue paying MAA benefits to each of the petitioners pending the final fair hearing decision of the Commissioner.

We do not retain jurisdiction.